a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES D. LUEDTKE,<br>Petitioner | CIVIL ACTION NO. 1:16-CV-1634-P |
| VERSUS | CHIEF JUDGE DRELL |
| M.A. STANCIAL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (42 U.S.C. § 2241) filed by pro se Petitioner James D. Luedtke ("Luedtke") (#06819-089). Luedtke is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Luedtke challenges his conviction and sentence imposed in the United States District Court for the Eastern District of Wisconsin.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Luedke was convicted in the Eastern District of Wisconsin of bank robbery, brandishing a firearm during a crime of violence, possession of a firearm by a felon, and two counts of making false statements to obtain a firearm. See Luedtke v. United States, No. 05-C-0489, 2005 WL 1229686 (E.D. Wis. May 23, 2005). He was sentenced to 37 years in prison. Id.  Luedtke appealed, claiming that the trial court erred in

denying his motion to suppress evidence. The United States Court of Appeals for the Seventh Circuit rejected the claim and affirmed the conviction and sentence. See United States v. Luedtke, 125 F. App'x 732 (7th Cir. 2005).

Luedtke filed a petition under 28 U.S.C. § 2255, which was denied. See Luedtke v. United States, No. 05-C-0489, 2005 WL 1229686 (E.D. Wis. May 23, 2005). Luedtke's application for certificate of appealability was denied by the district court and the appellate court. (1:05-cv-0489, E.D. Wis., Docs. 9, 17). The United States Supreme Court denied writs. See Luedtke v. United States, 547 U.S. 1214 (2006).

Luedtke has filed several § 2241 petitions prior to the instant petition.  In his § 2241 petition before this Court, Luedtke raises 26 claims. He states that 25 of the claims were raised in his prior § 2255 motion. (Doc. 1, p. 4). Luedtke's only new claim is that he was improperly denied relief under § 2255 by the sentencing court.

II.  Law and Analysis

    A.  This Court lacks jurisdiction over Luedtke's claims.

A federal prisoner may challenge his sentence under 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes–Requena v. U.S., 243 F.3d 893, 900–01 (5th Cir. 2001) (citing Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000)). The proper venue for such a challenge is the district in which the prisoner is incarcerated. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000) (citing Pack, 218 F.3d at 451).

In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (citing United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). The claims that are cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2255 motion "provides the primary means of collateral attack on a federal sentence" and must be filed in the court that issued the contested sentence. See Cox, 911 F.2d at 1113. A § 2241 petition that seeks to challenge the validity of a federal sentence or conviction must be either dismissed or construed as a § 2255 motion. See Pack, 218 F.3d at 452. Luedtke is addmitedly challenging his conviction. (Doc. 1, p. 2). Luedtke has previously filed a § 2255 motion in the court of conviction. Unless his current petition meets the requirements of the savings clause of § 2255, it should be dismissed.

**B.     Luedtke cannot meet the requirements of the savings clause.**

The savings clause is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. It allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A § 2241 petition is not a substitute for a motion under § 2255, and

"the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (citing McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)).

The Fifth Circuit Court of Appeals has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under this provision, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d at 904.

Luedtke asserts numerous argument that were unsuccessfully raised on direct appeal, in his § 2255 motion, and in prior § 2241 petitions. See Luedtke v. Ives, No. 7:11-CV-00080, 2012 WL 11027, at *4 (E.D. Ky. Jan. 3, 2012), aff'd (Mar. 27, 2014). Luedtke goes not invoke the savings clause, nor does he identify any retroactively applicable Supreme Court decision that would entitle him to proceed under the savings clause.

To the extent Luedtke challenges the denial of his § 2255 motion or the denial of a certificate of appealability by the appellate court, this Court has no jurisdiction over Luedtke's claim. Moreover, the United States Supreme Court has denied writs in the matter. Luedtke v. United States, 547 U.S. 1214 (2006).

III. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that the § 2241 petition be **DISMISSED** for lack of jurisdiction. Luedtke must seek permission to file a second or successive § 2255 petition from the appropriate appellate court in order challenge the legality of his conviction or sentence.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_17th\_\_ day of January, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

5